```
                UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
```

Nancy M. Swainbank,                  :
        Plaintiff,                   :
                                     :
        v.                           :    Civil No. 1:06-CV-248
                                     :
Michael J. Astrue,                   :
Commissioner Social Security         :
Administration                       :
        Defendant.                   :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pro se plaintiff Nancy M. Swainbank appeals the decision of the Social Security Administration that she was not eligible to receive disability insurance benefits because she did not suffer from a severe impairment on or before December 31, 1984, the last date she was insured for benefits.

Plaintiff seeks a reversal and remand for the calculation of benefits; the Commissioner moves to affirm his decision.  Because there is no evidence in the record that the plaintiff suffered from a severe impairment while she was insured from benefits, the decision of the Commissioner is AFFIRMED.

DISCUSSION

The central issue in this case is whether the record contains medical evidence that the plaintiff had a severe impairment prior to the date her insurance expired.  If the plaintiff did not have a severe impairment at that time, the law requires that she be found not disabled.  20 C.F.R. § 404.1520(a)(4)(ii).  The plaintiff alleges that she suffered from drowsiness and sleep apnea that caused her to fall asleep during the day and prevented her from working.  The Court must examine the record to determine if there is evidence of this impairment.  However, the Court notes that the plaintiff concedes that there is no medical evidence of her claimed impairment because the medical personnel failed to perform the proper tests to diagnose this impairment.

Medical Evidence of a Severe Impairment

The plaintiff has the burden of demonstrating that she suffered from a disabling impairment on or before December 31, 1984, when her insured status expired, and that the disability lasted through at least June 2003 (one year prior to her current application).  Wagner v. Secretary of Health and Human Services, 906 F.2d 856, 860 (2d Cir. 1990).  In order for the plaintiff to meet her

burden she must show that the impairment was medically determinable and significantly limited her ability to perform basic work activities.  <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 106 (2d Cir. 2003).  Social Security regulations require that when there is no medically determinable impairment, that is, an impairment verified by medical signs or laboratory findings, the application must be denied at step 2 of the sequential evaluation process because there is no severe impairment.  SSR 96-4p, 1996 WL 374187 at *1-2.

    The plaintiff was treated by Dr. Zsoldos beginning in 1980. R. 192.  He referred her to Dr. Ziv for recurrent ear aches.  R. 197.  The only mention of any sleep problem is a note from Dr. Ziv that oral decongestants might be causing some drowsiness.  <u>Id.</u>  From 1982 through 1986 the only medical records are notes from Dr. Zsoldos relating to prescription refills.  R. 192-93.  The plaintiff did see Dr. Zsoldos in August 1986 for complaints of coughing and diarrhea; however, there were no complaints of sleep problems. R. 203.  In September 2003, the plaintiff complained of ankle pain.  R. 205.  The first note in the record indicating a complaint of a sleep problem was in October 1992, almost

eight years after the expiration of plaintiff's insured status.  R. 209.  Thereafter, she complained occasionally of sleep problems.  In October 1995 a sleep study did not show that she had narcolepsy.  R. 224.  However, another test in 2003 identified sleep apnea.  R. 292.  This was the first time that a medical test demonstrated a severe sleeping impairment.

The only other evidence in the record relating to this impairment is the plaintiff's testimony at the hearing that she suffered from extreme drowsiness since her teenage years and that her doctors failed to do the proper tests to diagnose her problem.  However, as noted above, the medical records during the relevant period fail to show that plaintiff complained of a sleep problem.  While she did tell Dr. Silverstein in 2001 that "many, many years ago" she was tested and found to have mild sleep apnea, R. 248, this cannot be evidence of a severe limiting impairment as there is no record of this test; in addition, the apnea was mild.  The only evidence of any sleeping impairment during in the relevant period is plaintiff's testimony that she easily fell asleep during the day even while at work, R. 30, and her husband's corroborative testimony.  R. 45.   There is no

medical evidence of any impairment during the relevant period and no retrospective opinion from a current treating source relating to the impairment during the time she was insured.[1]  The administrative law judge determined that there was no medical evidence of a severe impairment during the relevant period.

In reviewing the Commissioner's decision, the court limits its inquiry to a "review [of] the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002); see 42 U.S.C. § 405(g).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Even if a court could draw different conclusions after an independent

---

[1] In her response to the Commissioner's motion the plaintiff has submitted a May 11, 2007 report from her treating physician Christine Staats, indicating that she is presently disabled. However, the plaintiff must show that she was disabled on or before December 31, 1984. The plaintiff is presently receiving supplemental security income benefits. R. 26.

review of the record, the court must uphold the Commissioner's decision when it stands on substantial evidence and the proper legal principles have been applied.  See 42 U.S.C. § 405(g).  The court may not substitute its judgment for that of the Commissioner.  Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

It is the province of the Secretary, not the reviewing court, to "resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Aponte v. Sec'y of HHS, 728 F.2d 588, 591 (2d Cir. 1984).  "If the Secretary's findings are supported by substantial evidence, the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain."  McLaughlin v. Sec'y of HEW, 612 F.2d 701, 704 (2d Cir. 1982).  As the Commissioner's rulings make clear, "[w]hen evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements."  SSR 96-7p, ¶ 1; Williams on behalf of Williams v. Bowen, 859 F.2d 255, 260- 261 (2d Cir. 1988)(noting that a "finding [by the ALJ] that the witness is not credible must . . . be

set forth with sufficient specificity to permit intelligible plenary review of the record").

The administrative law judge carefully examined the record. He correctly summarized the issue in this case:

> <u>Thus, regardless of how genuine the claimant's complaints may appear to be, when there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms, a finding of not disabled is required at step two of the sequential evaluation process (20 CFR 404.1529 and SSR 96-4p).</u>

R. 18 (emphasis in original). The Court finds that the decision of the Commissioner is supported by substantial evidence and properly applied the legal principles. I recommend that the decision of the Commissioner be AFFIRMED.

Dated at Burlington, Vermont, this <u>21st</u> day of February, 2008.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appellate review of the district court's order. <u>See</u> Local Rule 72.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a) and 6(e).